UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

JOSHUA LEE MATTHEWS,  )
   Plaintiff,  )
    )
vs.  )  No. 19-1327
    )
ILLINOIS DEPARTMENT OF  )
CORRECTIONS, et. al.,  )
   Defendants  )

MERIT REVIEW ORDER

    This cause is before the Court for merit review of the Plaintiff's complaint. The Court is required by 28 U.S.C. §1915A to "screen" the Plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A.

    Plaintiff, a pro se prisoner, claims Defendants Illinois Department of Corrections (IDOC), Director John Baldwin, Michael Melvin, Sara Johnson, Susan Prentice, Lieutenant Thorsome, Lieutenant Sorenson, Nurse Jade Culkin, Dr. Ojelade, Dr. Tilden, Nurse Tracy, and Dr. Renzi violated his constitutional rights at Pontiac Correctional Center.

    Plaintiff has divided his complaint into five counts. First, Plaintiff says Dr. Renzi used excessive force in June of 2017 when he ordered officers to place Plaintiff in four-

point restraints "without justification" and refused to remove the restraints for three days. (Comp, p. 5).

Second, Plaintiff says Nurse Culkin and Dr. Tilden refused to provide Plaintiff with his prescribed pain medication while Plaintiff was in the four-point restraints even though Plaintiff advised both Defendants the restraints were exacerbating his pain.

Third, Plaintiff says Nurse Culkin and Dr. Ojelade refused to provide treatment for a skin condition. Plaintiff says he first developed the skin condition in 2017, but Plaintiff fails to provide the specific diagnosis, nor what treatment he requested. Plaintiff also fails to state when the Defendants denied him medical care.

Fourth, Plaintiff says Dr. Tilden, Nurse Culkin, Dr. Ojelade, and Nurse Tracy refused to provide medical care for Plaintiff's wrist injury. Plaintiff does not explain his injury and the only date provided for this claim is 2017. Plaintiff also admits he was given an x-ray which revealed no fractures. Plaintiff does not indicate what additional medical care was needed.

Finally, Plaintiff says he was subjected to unconstitutional living conditions in November of 2017. Plaintiff's cell had feces and blood on the walls and ceiling, an infestation of spiders and insects, clogged vents, and a filthy chuck hole for food delivery. In addition, the cell was flooded with sewage in February of 2018. Plaintiff says he personally notified Defendants Thorsome, Sorenson, and Drysdale, but nothing was done. In addition, Plaintiff asked for clearing supplies, but his requests were ignored. Plaintiff says Defendants IDOC, Baldwin, Melvin, and Johnson were informed of his living conditions during the grievance process. However, Plaintiff is

advised "[r]uling against a prisoner on an administrative complaint does not cause or contribute to the violation." *George v Smith*, 507 F.3d 605, 609(7th Cir. 2007).

Besides the deficiencies noted with some claims, there are additional problems with Plaintiff's complaint. For instance, Plaintiff cannot combine all of his claims in one complaint. Federal Rule of Civil Procedure 18 allows a plaintiff to include in one complaint every claim of any kind against a single defendant. Fed.R.Civ.P. 18(a). Federal Rule of Civil Procedure 20 allows additional claims against separate defendants only if the additional claims arise "out of the same transaction, occurrence, or series of transactions or occurrences." *See* Fed. R. Civ. P. 18(a), 20(a)(2).

Consequently, the Seventh Circuit has repeatedly held "[u]nrelated claims against different defendants belong in different suits." *UWM Student Ass'n v. Lovell*, 888 F.3d 854, 863 (7th Cir. 2018), *quoting George,* 507 F.3d at 607. "This is not only to ensure that prisoners pay the required filing fees for each suit but also to prevent them from dodging the assessment of a 'strike' under 28 U.S.C. § 1915(g)." *Teen v. Massey*, 2018 WL 4075499, at *3 (S.D.Ill. Aug. 27, 2018); *George*, 507 F.3d at 607.

Plaintiff clearly cannot combine his claims involving excessive force and a denial of medical care with his claims against different individuals involving his unsanitary living conditions. If Plaintiff wishes to pursue all claims, he must file separate lawsuits and pay separate filing fees. Consequently, Plaintiff must choose whether he wishes to pursue Claims 1, 2, 3, and 4 in this lawsuit, or if he wishes to pursue claim 5 in this lawsuit. For any claim Plaintiff alleges, he must provide time frames and clearly state the involvement of each named Defendant.

The Court will not divide the claims into two lawsuits now because of the scant information provided concerning each of Plaintiff's medical claims. It is unclear if Plaintiff can articulate a constitutional violation for each allegation, and it is unclear if each of the claims should be combined in one complaint. For instance, while Plaintiff alleges the same Defendants were involved in the denial of medical care, he has not explained *how* each Defendant was involved in each allegation. Therefore, Plaintiff must provide additional information in his proposed amended complaint if he wishes to pursue the medical claims.

The Court also notes it is possible some of Plaintiff's claims might be barred by the statute of limitations period. A lawsuit pursuant to §1983 is subject to the statute of limitations governing personal injury claims in the state where the alleged injury occurred. *See Wilson v Giesen*, 956 F.2d 738, 740 (7th Cir. 1992) *citing Wilson v Garcia*, 471 U.S. 161, 279 (1985). The applicable statute of limitations in Illinois is two years. *See Farrell v. McDonough*, 966 F.2d 279, 280-82 (7th Cir. 1992).

Plaintiff chose to file his complaint on October 8, 2019, but some of his allegations occurred more than two years ago. Nonetheless, the statute of limitations period is tolled while an inmate participates in the grievance procedure. Therefore, without knowing more, it is unclear whether any of Plaintiff's claims are barred. Nonetheless, Plaintiff should consider whether his claims are timely when filing an amended complaint. *See Hatch v. Briley*, 230 Fed.Appx. 598, 599 (7th Cir. 2007)(statute of limitations clock begins when claim accrues, stops during grievance procedure, and restarts when procedure is complete); *Hondo, Inc. v. Sterling*, 21 F.3d 775, 778 (7th Cir. 1994)(plaintiff's

claim accrues when the he or she knows or has reason to know of the injury which is the basis of the action).

Plaintiff's complaint is therefore dismissed pursuant to Federal Rules of Civil Procedure 18 and 20. *See George*, 507 F.3d at 607. The Court will allow Plaintiff additional time to file an amended complaint. Plaintiff must decide whether he wishes to pursue his excessive force and medical claims in this lawsuit, or whether he wishes to pursue his claim based on unconstitutional living conditions. If Plaintiff intends to pursue his medical claims, he must provide more information concerning his specific medical conditions, general time frames, and the involvement of each Defendant.

Plaintiff must file his proposed amended complaint within 21 days of this order. Plaintiff's amended complaint must stand complete on its own and must not make reference to his original complaint. If Plaintiff again combines unrelated claims against different Defendants in his amended complaint, the Court will divide any unrelated claims and Defendants into separate lawsuits and Plaintiff will owe the appropriate filing fees.

IT IS THEREFORE ORDERED:

1) Plaintiff's complaint is dismissed as a violation of Federal Rules of Civil Procedure 18 and 20 for combining unrelated claims against different Defendants in one complaint. *See George*, 507 F.3d at 607.

2) Plaintiff must file an amended complaint within 21 days or on or before January 3, 2020 in compliance with this order. The amended complaint must stand complete on its own, must include all claims, and must not refer to the

original complaint. If Plaintiff fails to file his amended complaint on or before January 3, 2020, his case will be dismissed without prejudice.

3) If Plaintiff again combines unrelated claims against different Defendants in one lawsuit, the Court will divide the claims into separate lawsuits and Plaintiff will be responsible for each filing fee.

4) Plaintiff's motion for appointment of counsel is denied with leave to refile once he clarifies his claims. [5].

5) The Clerk of the Court is to provide Plaintiff with a blank complaint form, and reset the internal merit review deadline within 30 days of this order.

ENTERED this 11th day of December, 2019.

s/ James E. Shadid

_____
JAMES E. SHADID
UNITED STATES DISTRICT JUDGE